| | |
|---|---|
| ALEXANDER JEROME WILEY,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>JON NOBLE,<br><br>　　　　　　　　Respondent. | Case No. 21-CV-1037-JPS<br><br><br>**ORDER** |

**1.　INTRODUCTION**

On September 7, 2021, Petitioner Alexander Jerome Wiley ("Wiley") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Wiley has paid the $5.00 filing fee, and the Court will screen his petition under Rule 4 of the Rules Governing Section 2254 Proceedings.

**2.　FACTUAL BACKGROUND**

In 2014, following a jury trial in Milwaukee County Case Number 2011CF003900, Wiley was convicted of second-degree reckless homicide and possessing a firearm as a convicted felon. *Id.* at 2. He was sentenced to a term of fifteen years of confinement as to the homicide conviction and five years of confinement as to the felon-in-possession conviction, both to operate to run concurrent to each other for a total term of twenty years.[1]

Wiley appealed his conviction on three grounds: (1) the trial court erroneously permitted a lay witness (Shanika Thomas) to give hearsay testimony; (2) he suffered a violation of his sixth amendment right to

---

[1] *State of Wisconsin v. Alexander Jerome Wiley*, Milwaukee Cnty. Case No. 2011CF003900, https://wcca.wicourts.gov/caseDetail.html?caseNo=2011CF003900&countyNo=40&index=0&mode=details (last visited Apr. 15, 2022).

confront the witnesses against him because a medical examiner who did not conduct the autopsy on the homicide victim testified as an expert about the victim's cause of death; and (3) the prosecution failed to present sufficient evidence to prove him guilty of second-degree reckless homicide beyond a reasonable doubt. *State v. Wiley*, 953 N.W.2d 96 (Wis. Ct. App. 2020). The Wisconsin Court of Appeals affirmed Wiley's conviction on October 6, 2020. *Id.* Wiley then appealed to the Wisconsin Supreme Court on the same three claims; the court denied his petition for review on October 9, 2018. ECF No. 1-2. Wiley now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 based on the same three grounds. ECF No. 1 at 6–8.

3. ANALYSIS

Rule 4 authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Thus, Rule 4 provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Under Rule 4, the Court analyzes preliminary obstacles to review, including whether the petitioner has complied with the statute of limitations, exhausted available state remedies, avoided procedural default, and set forth cognizable claims.

3.1 Timeliness

First, the Court considers the timeliness of the petition. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C.

§ 2244(d)(1)(A). A judgment becomes final within the meaning of § 2244(d)(1)(A) when all direct appeals in the state courts are concluded, followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the ninety days allowed for filing for certiorari. *See Ray*, 700 F.3d at 1003.

Here, the Wisconsin Supreme Court denied Wiley's petition for review on February 24, 2021. ECF No. 1-2. Wiley did not seek certiorari with the U.S. Supreme Court. ECF No. 1 at 4. Thus, his judgment became final ninety days later, on May 25, 2021. Wiley then had one year in which to file his petition (i.e., until May 25, 2022). Wiley filed his petition on September 7, 2021, well within his time to do so. Thus, his petition is timely.

### 3.2 Exhaustion

Next, the Court analyzes whether Wiley fully exhausted his state court remedies. A district court may not address grounds raised in a habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). A petitioner exhausts his claim when he presents it to the highest state court for a ruling on the merits. *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971)); *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a petitioner is not required to present it to that court again. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972). Based on the Wisconsin Court of Appeals' October 6, 2020 order and the Wisconsin Supreme Court's denial of review,

it appears that Wiley has fully exhausted the three claims in his present petition. *Wiley*, 953 N.W.2d 96; ECF No. 1-2.

### 3.3 Procedural Default

The Court next determines whether Wiley has procedurally defaulted on any of his exhausted grounds. Even though a constitutional claim in a federal habeas petition has been exhausted, a court is still barred from considering the ground if the petitioner has procedurally defaulted on the claim. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion or in the manner prescribed by state law. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Here, on the record before the Court, is it does not appear that Wiley has procedurally defaulted on his properly exhausted claims.

### 3.4 Frivolous Claims

The Court concludes its Rule 4 review by screening Wiley's petition for patently frivolous claims. *Ray*, 700 F.3d at 996 n.1. Without expressing any opinion as to the potential merit of Wiley's properly exhausted claims, it does not plainly appear that they are frivolous.

### 4. CONCLUSION

Wiley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 survives screening. The case will proceed as discussed below.

Accordingly,

**IT IS ORDERED** that the parties shall proceed in accordance with the following schedule:

1. Within thirty (30) days of entry of this Order, Respondent shall file either an appropriate motion seeking dismissal of this action or

answer the petition, complying with Rule 5 of the Rules Governing Section 2254 Cases, and showing cause, if any, why the writ should not issue; and

2. If Respondent files an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have sixty (60) days after the filing of Respondent's answer within which to file a brief in support of his petition, providing reasons why the writ of habeas corpus should be issued. Petitioner is reminded that, in accordance with 28 U.S.C. § 2248, unless he disputes allegations made by Respondent in his answer or motion to dismiss, those allegations "shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."

   b. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of Petitioner's brief, or within one hundred twenty (120) days from the date of this Order if no brief is filed by Petitioner.

   c. Petitioner may then file a reply brief, if he wishes to do so, within thirty (30) days after Respondent has filed a response brief.

3. If Respondent files a motion in lieu of an answer, then the parties should abide by the following briefing schedule:

   a. Petitioner shall have thirty (30) days following the filing of Respondent's dispositive motion and accompanying brief within which to file a brief in opposition to that motion.

   b. Respondent shall have fifteen (15) days following the filing of Petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by Respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any caption, cover page, table of contents, table of authorities, and/or signature block;

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, a copy of the petition and this Order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin Respondent through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within twenty-one (21) days from the date of the NEF whether the Department will not accept service of process on behalf of Respondent, the reason for not accepting service for Respondent, and the last known address of Respondent. The Department of Justice will provide the pleadings to a Respondent on whose behalf it has agreed to accept service of process.

Dated at Milwaukee, Wisconsin, this 18th day of April, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge