# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALEXANDER JEROME WILEY,

                Petitioner,

v.

JON NOBLE,

                Respondent.

Case No. 21-CV-1037-JPS
7th Cir. Case No. 23-2324

**ORDER**

**1.**     **INTRODUCTION**

On May 9, 2023, this Court denied Petitioner Alexander Jerome Wiley's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and dismissed the case with prejudice. ECF No. 22. The Court entered judgment thereon the same day. ECF No. 23.

On June 9, 2023, Petitioner moved for an extension of time to file his notice of appeal. ECF No. 24. On June 13, 2023, the Court granted the motion, rendering Petitioner's notice of appeal due July 8, 2023. ECF No. 25. Petitioner timely filed his notice of appeal on July 5, 2023. ECF No. 26. He also moved for leave to appeal in forma pauperis. ECF No. 28. On July 12, 2023, the Court denied the motion for leave to appeal in forma pauperis because "[i]n Petitioner's statement of his issues on appeal, he merely reiterate[d] his three grounds for habeas relief . . . [without] point[ing] to any error in the Court's order dismissing his petition." ECF No. 33 at 2–3 (referencing ECF No. 28 at 2) (citing *Williams v. Smith*, No. 17-CV-411-JPS, 2017 U.S. Dist. LEXIS 157486, at *2 (E.D. Wis. Sept. 26, 2017)).

Then, on August 2, 2023, Petitioner moved for reconsideration of the Court's denial of his motion for leave to appeal in forma pauperis pursuant

to Federal Rules of Civil Procedure 59(e) and 60(b). ECF No. 34. For the reasons discussed herein, the Court will deny the motion.

2. LEGAL STANDARDS

2.1 Rule 60(b)

"Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Monzidelis v. World's Finest Chocolate, Inc.*, 92 F. App'x 349, 352 (7th Cir. 2004) (quoting *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1124, 1231 (7th Cir. 1983)). A motion for reconsideration brought pursuant to Rule 60(b) must be "based on one of six specific grounds listed in the rule." *Id.* (quoting *Talano v. Nw. Med. Fac. Found.*, 273 F.3d 757, 762 (7th Cir. 2001) and *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)). "The six possible grounds for Rule 60(b) relief are:

> (1) [M]istake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

*Id.* (quoting Fed. R. Civ. P. 60(b)). Importantly, however, a Rule 60(b) motion should not merely "rehash[] the merits of the case based on the existing record." *Tokh v. Water Tower Ct. Home Owners Ass'n*, 327 F. App'x 630, 631 (7th Cir. 2009). This is so because "[a] Rule 60(b) motion is not a substitute for appeal . . . ." *Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) (citing *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000)

and *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 577 (7th Cir. 1997)).

### 2.2 Rule 59(e)

Motions for reconsideration brought pursuant to Rule 59(e) must be filed within "28 days after the entry of the judgment."[1] Like that afforded by Rule 60(b), relief pursuant to Rule 59(e) is "extraordinary." *KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 528 (7th Cir. 2022). In contrast to Rule 60(b), however, "Rule 59(e) does not set forth any specific grounds for relief." *United States v. Roth*, Nos. 10 MISC 001; S.D.N.Y. 09 Civ. 8712, 01 Cr. 1503 (SCR) (LMS), 2010 U.S. Dist. LEXIS 38175, at *5 (E.D. Wis. Apr. 19, 2010).

"[T]he Seventh Circuit recognizes only three substantive grounds upon which a Rule 59(e) motion may be based: 1) newly-discovered evidence; 2) an intervening change in the controlling law; and 3) manifest error of law." *Id.* (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998)). However, "a Rule 59(e) motion may not be used simply to re-litigate issues that have already been decided." *Id.* at *6 (citing *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007)). "The law is clear that Rule 59(e) motions are not the proper vehicle for revisiting issues and

---

[1] Importantly, "[a] district court may not extend the time within which a party may move to alter or amend a judgment under Rule 59(e)." *Talano v. Nw. Med. Fac. Found., Inc.*, 273 F.3d 757, 761 (7th Cir. 2001) (quoting *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) and citing *Riley v. Nw. Bell Tel. Co.*, 1 F.3d 725, 726–27 (8th Cir. 1993)). Additionally, the Seventh Circuit has "join[ed] every circuit that has ruled on this precise issue and conclude[d] that Rule 6(d)—formerly Rule 6(e)—does not extend the deadline for Rule 59(e) motions." *Williams v. Illinois*, 737 F.3d 473, 475 (7th Cir. 2013) ("Williams insists that he had three extra days to ask for reconsideration because he received the dismissal by mail, *see* Fed. R. Civ. P. 6(d), but that rule enlarges the filing time only when the period for acting runs from the service of a notice, not when the time begins after the entry of judgment, as it did here.").

recapitulating arguments that were decided by the Court . . . ." *Id.* (citing *In re Oil Spill by "Amoco Cadiz" Off Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992)).

3.  **ANALYSIS**

Because it expressly seeks to correct an alleged "manifest error of law," ECF No. 34 at 1, Petitioner's motion for reconsideration appears to invoke Rule 59(e). The motion is timely because it was filed within 28 days of the entry of the order of which Petitioner seeks reconsideration. *See Cisneros v. Werlich*, No. 20-cv-321-NJR, 2021 U.S. Dist. LEXIS 101271, at *2 n.2 (S.D. Ill. May 28, 2021) ("A Rule 59(e) motion must be filed within 28 days of the order or judgment being challenged . . . ."). Accordingly, the Court need not construe the motion as one brought under Rule 60(b). *Williams*, 737 F.3d at 475 ("[W]e have established a bright-line rule that any [Rule 59(e)] motion for reconsideration filed after the deadline must be construed as a motion to vacate [under Rule 60(b)].") (citing *Justice v. Town of Cicero, III*, 682 F.3d 662, 665 (7th Cir. 2012)).

Petitioner seeks reconsideration of this Court's denial of his motion for leave to appeal in forma pauperis. In his motion for leave to appeal in forma pauperis, Petitioner asserted that he "does not . . . have the funds to pay the filing fee," and that his grounds for relief were those three listed in his § 2254 petition and addressed in the Court's May 9, 2023 order. ECF No. 28 at 1.

In its order denying the motion, the Court wrote that "Petitioner, a prisoner proceeding pro se, may not proceed without prepayment of the filing fee on appeal if the Court determines that 'the litigant wishing to take an appeal has not established indigence' or certifies in writing that the appeal is not taken in 'good faith.'" ECF No. 33 at 1–2 (quoting 28 U.S.C.

§ 1915(a)(3) and *Flournoy v. Winnebago Cnty. Sheriff's Off.*, No. 14-cv-528-jdp, 2015 U.S. Dist. LEXIS 49375, at *1 (W.D. Wis. Apr. 15, 2015)). "To determine whether a prisoner takes an appeal in 'good faith,'" the Court continued, it "must determine whether 'a reasonable person could suppose that the appeal has some merit.'" *Id.* at 2 (quoting *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). The Court held that it had no basis upon which to conclude that Petitioner's appeal was taken in good faith because Petitioner had set forth no grounds or justification for his appeal. *Id.* at 2–3 (The Court cannot conclude that 'a reasonable person could suppose that the appeal has some merit.' . . . Petitioner . . . does not point to any error in the Court's order dismissing his petition.") (internal citation omitted) (citing *Williams*, 2017 U.S. Dist. LEXIS 157486, at *2).

Now, on reconsideration, Petitioner asserts that he did not "need [to] state grounds or arguments" or "assert the district court's errors" in his notice of appeal. ECF No. 34 at 2 (citing and quoting *Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999)). Instead, he writes, "he only needs to states [sic] his claims, affidavit, and his six monthly statements trust fund account." *Id.*

In *Celske,* the Seventh Circuit recounted how the district court had "certified in writing that [the plaintiff's] appeal [wa]s not taken in good faith." 164 F.3d at 397. The certification, however, "contained no reasons," and so the Seventh Circuit remanded the case back to the district court to "provide a statement of reasons" in support of the certification that the appeal was not taken in good faith. *Id*.

In response, the district court merely asserted that the plaintiff had already been "told that his [claims] were foreclosed and then filed a notice

of appeal without offering any argument to undermine the conclusion that both claims should be dismissed." *Id*. In *Celske*, it "[wa]s not apparent from anything the [district] judge said" that the "case [wa]s so plainly without merit that [the plaintiff] ha[d] no good faith basis for an appeal." *Id.* at 398. Moreover, the district court's certification that the appeal was not taken in good faith was in error to the extent it could "be read to attach significance to [the plaintiff's] failure to explain the grounds for appealing in the *notice of appeal*," because "a notice of appeal is not supposed to contain grounds or argument." *Id.* (citing Fed. R. App. P. 3(c) and Forms App. Form 1, *Smith v. Barry*, 502 U.S. 244, 247–49 (1992), and *Librizzi v. Children's Mem'l Med. Ctr.*, 134 F.3d 1302, 1306 (7th Cir. 1998)). Moreover, the court wrote, "no inference of bad faith can be drawn from the plaintiff's failure, at the time he filed his notice of appeal . . . to give reasons why his appeal is in good faith." *Id.* "In sum," the court continued, "having been allowed to proceed IFP in the district court, [the plaintiff] wasn't required to give the district judge reasons for the appeal." *Id.* (citing *Pate v. Stevens*, 163 F.3d 437 (7th Cir. 1998)).

The case before the Court differs in several respects from *Celske*. Perhaps most notably, whereas the plaintiff in *Celske* was "allowed to proceed IFP in the district court" and therefore "wasn't required to give the district judge reasons for the appeal," the same is not true here. *See* docket notation to ECF No. 1 (indicating filing fee paid). Instead, because Petitioner here paid the filing fee in the first instance, he required "further authorization" from this Court to proceed on appeal in forma pauperis. *See* Fed. R. App. P. 24(a)(3); *see also Hyche v. Christensen,* 170 F.3d 769, 771 (7th Cir. 1999) ("As for the 'good faith' question: the district court did not give any reason beyond [the plaintiff's] silence. [*Celske*] stressed, however, that

a plaintiff who has been allowed to proceed in forma pauperis in the district court need not ordinarily provide reasons for an appeal. Only when IFP status has been denied must the appellant file in the district court a motion that 'states the issues that the party intends to present on appeal.'") (quoting Fed. R. App. P. 24(a)(1)(C)) (overruled on other grounds).

Petitioner does not dispute that the Court was required, in reviewing his motion for leave to appeal in forma pauperis, to evaluate whether the appeal was taken in good faith, and that to make such an evaluation, the Court "need[ed] only find that a reasonable person could suppose that the appeal has some merit." *Walker*, 216 F.3d at 632 (citing *Lee*, 209 F.3d at 1026). But as the Court noted, it discerned nothing before it from which it could conclude "that a reasonable person could suppose that the appeal has some merit." *Id.* The Court did not deny Petitioner's motion for leave to appeal in forma pauperis because his notice of appeal, specifically, failed to assert the Court's purported errors, as was the situation presented in *Celske*. Instead, the Court pointed to Petitioner's "Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis"—as well as relying on the conclusions it reached in its May 9, 2023 order—when it determined that it could not conclude that "a reasonable person could suppose that the appeal has some merit." ECF No. 33 at 2–3; *Walker*, 216 F.3d at 632 (citing *Lee*, 209 F.3d at 1026); *Maxie v. Superintendent,* No. 3:13-CV-1232-TLS, 2014 U.S. Dist. LEXIS 61277, at *6 (N.D. Ind. May 1, 2014) (denying motion to proceed on appeal in forma pauperis where, inter alia, petitioner merely "assert[ed] the merits of his claims raised in his habeas petition" but failed to "present any arguable basis for overturning the Court's resolution of the Petition.")

In this case, Petitioner failed to present the federal constitutional issue forming the basis of Ground One to the Wisconsin Supreme Court,

Page 7 of 8
Case 2:21-cv-01037-JPS   Filed 08/28/23   Page 7 of 8   Document 35

and so that ground was unexhausted. ECF No. 22 at 19–20. And the Court rejected Grounds Two and Three on their merits without complication or difficulty. *Id*. at 21–28. The Court stands by those conclusions and maintains that no "reasonable person" could find that an appeal of those conclusions would "ha[ve] some merit." *Walker*, 216 F.3d at 632 (citing *Lee*, 209 F.3d at 1026). And even if there were any doubt as to that conclusion, such doubt likely does not rise to the level required for the "extraordinary" relief Rule 59(e) affords. *KAP Holdings, LLC,* 55 F.4th at 528.

### 4. CONCLUSION

For the reasons discussed herein, the Court will deny Petitioner's motion for reconsideration. Petitioner may contest this Court's denial of Petitioner's motion for leave to appeal in forma pauperis by renewing said motion in the Court of Appeals. Fed. R. App. P. 24(a)(5); *Walker*, 216 F.3d at 631 ("A prisoner litigant is entitled to contest the district court's finding of a lack of good faith by filing a motion in the court of appeals under Fed. R. App. P. 25(a)(5) to proceed IFP on appeal, before paying any part of the docket and filing fees.") (citing *Celske*, 164 F.3d at 398).

Accordingly,

**IT IS ORDERED** that Petitioner Alexander Jerome Wiley's motion for reconsideration, ECF No. 34, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 28th day of August, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge